PHILLIP A. TALBERT
United States Attorney
MELANIE L. ALSWORTH
KIMBERLY A. SANCHEZ
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:16-CR-00122 DAD BAM |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(C) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| GILBERTO ZARATE, | Date:<br>Time:<br>Courtroom 5, 7th Floor<br>Honorable Dale A. Drozd |
| Defendant. | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through PHILLIP A. TALBERT, the United States Attorney for the Eastern District of California, and MELANIE L. ALSWORTH and KIMBERLY A. SANCHEZ, Assistant United States Attorneys, and the defendant, GILBERTO ZARATE, and his attorney, ROBERT LAMANUZZI, have agreed as follows:

1. <u>Charges.</u>

The defendant acknowledges that he has been charged by Indictment, 1:16-CR-00122 DAD BAM, in the Eastern District of California as follows:

Count One:
Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, §§ 846 and 841(a)(1) and (b)(1)(A)(viii)

Count Three:
Distribute of a Controlled Substance, Methamphetamine, in violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(A)(viii)

Count Nine:
Possession with Intent to Distribute a Controlled Substance, Methamphetamine, in violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(A)(viii)

Count Ten:
Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, § 922(g)(1)

2.    Agreements by Defendant.

(a)    The defendant agrees that this plea agreement shall be filed with the court and become part of the record in the case.

(b)    The defendant agrees to enter a plea of guilty to Count One which charges him with possession with intent to distribute methamphetamine. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the factual basis of this agreement are true and accurate. Defendant further agrees to admit the forfeiture allegation contained in the indictment.

(c)    Stipulations Affecting Guideline Calculation:

The defendant stipulates and agrees that there is no material dispute as to the following sentencing guidelines variables and therefore stipulates to the following:

1.    Base Offense Level. The defendant stipulates and agrees that the weight of methamphetamine attributable to his conduct is 32,680.6 grams of actual methamphetamine.

2.    Acceptance of Responsibility. The offense level should be reduced by 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1 if the defendant accepts responsibility for his conduct and timely notifies the government of his intention to plead guilty.

(d)    Forfeiture: The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets seized in connection to the criminal

charges and events giving rise to the Indictment.

Defendant agrees that any assets seized or found to be connected to the criminal events and charges giving rise to the Indictment constitute property subject to forfeiture pursuant to 21 U.S.C. § 853.

Defendant agrees to fully assist the government in the forfeiture of any seized assets or assets later determined to be forfeitable pursuant to the Indictment and to take whatever steps are necessary to pass clear title to the United States. Defendant shall not sell, transfer, convey, or otherwise dispose of any assets found to be connected to the criminal events charged in the Indictment.

Defendant agrees not to file any claim to any of the seized property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives the notice provisions of Fed. R. Crim. P. 7(c)(2) and 32.2(a), waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. The defendant knowingly and voluntarily waives any right to jury trial in any criminal or civil forfeiture proceeding.

(e)     The defendant understands and agrees that the court is not a party to this agreement, that sentencing is a matter solely within the discretion of the court, the court is under no obligation to accept any recommendations made by the government, and the court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the court can make a binding prediction or promise regarding the sentence he will receive.

(f)     The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly

waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is in accordance with the maximum provided in Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 18, United States Code, Section 3582 and/or Title 28, United States Code, Sections 2241 or 2255, except for non-waivable claims.

(g)     If the defendant's conviction on the count to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced at his request, or if the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. The government shall have the right (1) to prosecute the defendant on the count to which he pleaded guilty; and (2) to file any new charges that would otherwise be barred by this Agreement. The decision to pursue any or all of these options will be solely within the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea:  (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of

Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

(h)     The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(i)     The defendant understands that the court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(j)     The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to a controlled substance offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

3. Agreements by the Government.

(a) Agreements Affecting Guideline Calculation:

The government agrees that there is no material dispute as to the following sentencing guidelines variables:

1. Base Offense Level. The government stipulates and agrees that the weight of methamphetamine attributable to defendant's conduct is 32,680.6 grams of actual methamphetamine.

2. Acceptance of Responsibility. The offense level should be reduced by 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1 if the defendant accepts responsibility for his conduct and timely notifies the government of his intention to plead guilty.

(b) The government makes no other representations to him regarding sentencing, including fines, his criminal history or criminal history points under Chapter Four of the United States Sentencing Guidelines, or whether additional enhancements or reductions under Chapters Three or Five of the United States Sentencing Guidelines apply. The government is free to comment and make recommendations to the Court and the Probation Office regarding such matters

(c) The government will recommend an initial term of imprisonment at the low end of the advisory guideline range. The government agrees that an initial term of imprisonment at the low end of the guideline range is reasonable and takes into consideration the factors set forth in 18 U.S.C. § 3553.

(d) If the defendant enters a plea of guilty to Count One of the Indictment, the government agrees to dismiss all remaining counts against the defendant at the time of sentencing.

4. Nature, Elements, Possible Defenses, and Factual Basis.

(a) The defendant has read the charge contained in Count One of the Indictment, and that charge has been fully explained to him by his attorney.

(b) The defendant fully understands the nature and elements of the crime with which he has been charged, together with the possible defenses, and has discussed them with his attorney. The defendant fully understands the nature and elements of the crime with which he has been charged, together with the possible defenses, and has discussed them with his attorney. To convict the defendant

of the crime of conspiracy to distribute and possess with intent to distribute methamphetamine, the government would have to establish the following beyond a reasonable doubt:

> First: that beginning at a time unknown but no later than April 1, 2015 and ending on or about July 22, 2016, there was an agreement between defendant and at least one other person to knowingly and intentionally distribute and possess with intent to distribute methamphetamine; and
>
> Second: that defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

The elements of distribution of methamphetamine are as follows:

> First: the defendant knowingly distributed a controlled substance, to wit: methamphetamine; and
>
> Second: at all times, defendant knew that methamphetamine is a controlled substance.

The elements of possession with intent to distribute methamphetamine are as follows:

> First: the defendant knowingly possessed methamphetamine;
>
> Second: the defendant possessed methamphetamine with the intent to distribute it to another person; and
>
> Third: at all times, defendant knew that methamphetamine is a controlled substance.

    (c)    The defendant will plead guilty because he is in fact guilty of the crime set forth in Count One. The defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

///

///

///

///

///

Between February 3, 2016 and July 22, 2016, in Fresno County, State and Eastern District of California, defendant knowingly and intentionally conspired with one or more persons to distribute and possess with intent to distribute more than 32,680.6 grams of actual methamphetamine, a Schedule II controlled substance, as more specifically described below.

On or about February 19, 2016, defendant supplied Randy Seja with approximately one (1) pound of methamphetamine, which Seja subsequently sold to Marco Mosqueda. The methamphetamine was seized from Mosqueda's vehicle in the course of a traffic stop following the deal with Seja on February 19, 2016.

On April 13, 2016, defendant agreed to sell Frances Reyna (Frances Galvan) approximately one-half (1/2) pound of methamphetamine. Frances Reyna sent her son, Gabriel Galvan, to defendant's house to retrieve the methamphetamine. Defendant sold the methamphetamine to Gabriel Galvan, and Galvan immediately left defendant's home. Galvan was stopped and officers seized approximately 8.10 ounces of methamphetamine from Galvan's possession. Defendant knew that Frances Reyna intended to sell the methamphetamine to her customers.

On April 15, 2016, Defendant coordinated the receipt of a large quantity of methamphetamine from a source of supply. Defendant sought the assistance of Rafael Delatorre in receiving and hiding the methamphetamine upon delivery. Specifically, defendant told Rafael Delatorre to meet the "guy from LA," pick up the methamphetamine, then take it to the apartment where the methamphetamine is stored. As defendant instructed, Rafael Delatorre met the "guy from LA," took possession of methamphetamine on behalf of defendant, then dropped the methamphetamine off at an apartment. Upon leaving the apartment, the Rafael Delatorre and Jose Delatorre were detained. The apartment was searched, and approximately 30 pounds of methamphetamine was seized from backpacks carried into the apartment by the Delatorres. Defendant intended to distribute the methamphetamine to his customers.

On June 9, 2016, defendant supplied more than one-quarter (¼) pound of methamphetamine to Gabriel Esparza. Esparza was the subject of a traffic stop on June 14, 2016. During a search of his vehicle, approximately one-quarter (¼) pound of methamphetamine was found and seized. Defendant supplied this methamphetamine to Esparza, and defendant knew that Esparza intended to sell it to his customers.

Defendant arranged to receive another large quantity of methamphetamine from his source of supply on July 7, 2016. Late in the afternoon, defendant met briefly with Jorge Calestino Alvarez-Arias. After their meeting, Alvarez-Arias returned to his vehicle and was taken into custody. Defendant was also detained. Agents searched the car and found approximately 30 pounds of methamphetamine in the trunk, intended for

distribution to defendant. A search of defendant's residence and garage resulted in the seizure of approximately 7 pounds of methamphetamine and $17,000. Defendant possessed the 37 pounds of methamphetamine with the intent to supply it to his customers.

At all times, Gilberto Zarate knew that methamphetamine is a controlled substance.

5.    Potential Sentence.

The defendant understands that an advisory sentencing guideline range for this case will be determined by the Court. The defendant further understands that the Court will impose a sentence within that guideline range, unless the Court finds that there is a basis for departure (either above or below the range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

The parties agree, however, that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility") or cross-references, except that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice (§ 3C1.1) should the defendant engage in such conduct. ~~Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under *United States v. Booker*, 543 U.S. 220 (2005).~~ RA   G.Z.

The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence, and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the Sentencing Guidelines' advisory guideline range as determined by the Court. The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court, the plea agreement is voidable at the option of the government. The government, in its sole discretion, may withdraw from the plea agreement and continue prosecution of the defendant as if the parties never entered into this plea agreement.

The following is the maximum potential sentence which the defendant faces:

     (a)    Imprisonment.

               Mandatory Minimum:     10 years.

               Maximum:     Life.

     (b)    Fine.

               Maximum: $10,000,000.00.

     (c)    Fine and/or Imprisonment.

     (d)    Supervised Release.

               Maximum:  5 years.

     (Should the defendant violate the conditions of supervised release, he could be subject to a term of imprisonment up to the term of supervised release imposed.)

     (e)    Penalty Assessment.  Mandatory: One Hundred Dollars ($100.00).).

     (f)    Pursuant to 21 U.S.C. § 862, the defendant <u>may</u> become temporarily or permanently ineligible for any and all federal benefits[1] and, pursuant to 21 U.S.C. § 862a, <u>shall</u> be ineligible for the following government benefits:

          (1)    assistance under any State program funded under part A of title IV of the Social Security Act (42 U.S.C. § 601 et seq.);

          (2)    benefits under the food stamp program (as defined in section 3h of the Food Stamp Act) (7 U.S.C. § 2012(h)) or any State program carried out under the Food Stamp Act of 1977 (7 U.S.C. § 2011 et seq.).

///

///

///

///

---

[1]The term "federal benefits" does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility, but refers to the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency or appropriated funds of the United States.  21 U.S.C. § 862(d)(1).

6.   Waiver of Rights.

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)   The defendant is entitled to the continued representation of an attorney at any trial in this case and, if the defendant is unable to afford an attorney, one would be appointed by the Court.

(b)   If the defendant persisted in a plea of not guilty to the charge(s) against him, he would have the right to a public and speedy trial and the assistance of an attorney at that trial. If the defendant could not afford an attorney, one would be appointed for him. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge must all agree that the trial be conducted by the judge without a jury.

(c)   If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(d)   If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(f)   At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty he is waiving all of the rights set forth above and the defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

7.    Entire Agreement.

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

8.    Presentence Report.

The defendant understands that the United States Probation Office is not a party to this Agreement and will conduct an independent investigation of the defendant's activities and his background and prepare a presentence report which it will submit to the Court as its own sentencing recommendation. In addition, the government will fully apprize the Probation Office, as well as the Court of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty, including activities which may not have been charged in the Indictment, or were the subject of dismissed counts.

///
///
///
///
///
///
///
///
///
///
///
///

9.    Approvals and Signatures

     A.    Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur with my client's decision to plead guilty as set forth in this plea agreement.

DATED: 12/18/17

_____
ROBERT LAMANUZZI
Attorney for Defendant


     B.    Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 12-18-17

_____
GILBERTO ZARATE, Defendant


     C.    Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

DATED: 12/19/17                    PHILLIP A. TALBERT
                                   UNITED STATES ATTORNEY


                          By: _____
                                   MELANIE L. ALSWORTH
                                   ASSISTANT UNITED STATES ATTORNEY